FILED
2021 Aug-17 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENDRIC E. GAMBLE, | ) |
| Plaintiff, | ) )  ) |
| vs. | ) CIVIL ACTION NUMBER: ) CV-21 ) JURY DEMAND ) |
| GESTAMP ALABAMA, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

**I.   JURISDICTION**

1.   This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq.*, brought by Plaintiff, Kendric E. Gamble ("Gamble") against Defendant, Gestamp Alabama, LLC ("Gestamp"). Plaintiff is a qualified individual with a disability. Plaintiff alleges that Defendant discriminated against him based on his disability, his record of disability, and Defendant's perception of Plaintiff as disabled, in violation of the ADA. Plaintiff seek injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, and reasonable

attorney fees and costs.

2. This Court has jurisdiction in accordance with 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## II. PARTIES

4. Plaintiff, Kendric E. Gamble, is a citizen of the United States and a resident of McCalla, Jefferson County, Alabama. Plaintiff is an individual with a disability, has a history of a disability, and is regarded by Defendant as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the essential functions of his position. Consequently, Plaintiff is a qualified individual as defined under the ADA.

5. Defendant, Gestamp Alabama, LLC, is an "employer" as defined under the ADA and subject to compliance with the ADA. 42 U.S.C. §12111(5). Defendant is doing business in McCalla, Jefferson County, Alabama.

6. Gestamp supplies automotive parts and components that are used in the

manufacturing of vehicles by Mercedes-Benz U.S. International in Vance, Alabama.

## III. FACTUAL ALLEGATIONS

7. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-6 above.

8. Plaintiff was hired in 2016 as a Maintenance Technician.

9. Plaintiff was terminated on or about November 19, 2020.

10. Plaintiff is a person with a disability.

11. Plaintiff has Cerebral Palsy and Defendant was well aware of his disability during his entire employment. Specifically, Plaintiff's physical demeanor and his limp are very prominent to everyone who worked with or around him.

12. Around November 16, 2020, while working, the Production Group Leader Alicia Rogers, kept yelling at Plaintiff over the radio.

13. Plaintiff was working in the Maintenance Department and responded to Ms. Rogers' radio outbursts that he was getting parts and was going as fast as he could.

14. When Plaintiff finally reached the area where Ms. Rogers was located, she asked him "what's your fucking problem, limp?" Plaintiff advised her that he had not done anything wrong and was doing his job. Ms. Rogers told Plaintiff she was going to HR and the Plant Manager regarding his behavior and attitude.

15. Shortly thereafter, Plaintiff was summoned to HR by his supervisor, Chris Tolbert. When Plaintiff arrived in HR, he attempted to explain what had happened with the exchange with Ms. Rogers earlier that day. However, Plaintiff was advised that he was being suspended.

16. During the meeting, Mr. Tolbert indicated that he did not think Plaintiff should be suspended since he had not been disciplined during his tenure with Defendant.

17. However, Plaintiff was suspended that day and terminated three days later.

18. The Production Group Leader, who is not disabled, cursed at Plaintiff, called him a derogatory name, and treated him differently than non-disabled employees and was not disciplined, suspended, or terminated.

19. The reason given for Plaintiff's termination by Defendant was that he was hostile toward the Group Leader, which was untrue.

20. However, similarly situated employees who have also been accused of hostility in the workplace have not been terminated. Specifically, Steven Carson and Paul LNU cursed out managers and were not terminated.

21. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, suspension,

4

termination, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## IV.   CAUSE OF ACTION

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

23. Plaintiff is a person with a disability, as the term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled. *See* 42 U.S.C. 12102.

24. Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

25. Plaintiff is a qualified individual as defined under the ADA, Despite Plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of the job of Maintenance Technician and other positions. *See* 42 U.S.C. 12111.

26. Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability in regarding to, *inter alia*, discipline, suspension, termination, and other terms, conditions, and privileges of

employment. 42 U.S.C. 12112(a).

27. The ADA's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. 42 U.S.C. 12112(b)(3)A).

28. Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations. During his employment, Plaintiff would request a bike; however, he was not specifically provided one. It was first-come-first serve regarding the bikes. Plaintiff told Defendant he needed one as he could not walk as far and as fast as everyone else. Providing Plaintiff a bike during his shift would not have been unreasonable. 42 U.S.C. 12112(b)(5)(A).

29. Defendant refused to engage in the interactive process in response to Plaintiff's requests for accommodations. Such accommodations would not have imposed an undue hardship on the operation of the Defendant's business.

30. In terminating Plaintiff, Defendant has maliciously, intentionally, and with reckless disregard discriminated against Plaintiff due to his disability, his record of disability, and Defendant's perception of Plaintiff as disabled. *See* 42 U.S.C. 12112.

31. Defendant has no legitimate, non-discriminatory reason for its conduct.

32. As a result of Defendant's actions, Plaintiff has suffered extreme harm,

including, but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Plaintiff has also suffered injury, including pain, humiliation, mental anguish and suffering.

V.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq*.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADA.

3. Enter an Order requiring Defendant to make Plaintiff whole in awarding him reinstatement, any lost position(s) and/or lost wages he would have earned in the absence of disability discrimination, back-pay (plus interest), compensatory and punitive damages, nominal damages, lost seniority, benefits, and lost pension.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees

and expenses.

## PLAINTIFF DEMANDS A TRIAL BY JURY
## ON ALL CLAIMS

Respectfully submitted,

/s/ Gregory O. Wiggins
Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

*Counsel for Plaintiff*

**DEFENDANT'S ADDRESS:**
To Be Served Via Certified Mail
    Gestamp Alabama, LLC
    c/o Registered Agent, CT Corporation System
    2 North Jackson Street, Suite 605
    Montgomery, Alabama 36104